UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DESHON STOKES,

    Petitioner,                                      Civil No. 2:09-CV-10171

v.

KENNETH MCKEE,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**

Pending before the court is Petitioner Deshon Stokes' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan. In his *pro se* application, Petitioner challenges his conviction of first-degree criminal sexual conduct in violation of Mich. Comp. Laws § 750.520b(1)(e), two counts of assault with intent to murder in violation of Mich. Comp. Laws § 750.83, two counts of felonious assault in violation of Mich. Comp. Laws § 750.82, and two counts of possession of a firearm during the commission of a felony in violation of Mich. Comp. Laws § 750.227b. Petitioner is currently serving concurrent sentences of 225 to 360 months for the criminal sexual conduct conviction and the two counts of assault with intent to murder, and 32 to 48 months for each counts of felonious assault. Petitioner was also sentenced to serve two years for each count of felony firearm, those sentences to run concurrently with

1

each other, but consecutive to the others. For the reasons that follow, the petition for writ of habeas corpus will be denied.

## I. BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court and appealed his convictions to the Michigan Court of Appeals on the grounds "that his multiple assault convictions violated his right against double jeopardy, and that his convictions in connection with one of the victims should be dismissed on the ground that he was denied his confrontational rights by her purposeful avoidance of trial." *People v. Stokes*, No. 271714, 2007 WL 2609483, at *1 (Mich. Ct. App. Sept. 11, 2007). The Michigan Court of Appeals summarized the government's case against Petitioner as follows:

> [I]n the early morning hours of September 5, 2005, defendant summoned two women to a house in Detroit, to accuse them of involvement in, and to extract information about, an earlier robbery of a separate drug house he maintained. Defendant threatened the women with a gun. He placed his gun in one victim's mouth and genital area and then doused both women with gasoline and set them on fire.

*Id.* Petitioner's convictions were affirmed, *id.*, and the Supreme Court of Michigan denied Stoke's application for leave to appeal. *People v. Stokes*, 743 N.W.2d 55 (Mich. 2008).

Petitioner subsequently filed a post-conviction motion for relief from judgment asserting four arguments not raised on direct appeal. (Dkt. # 19-5.) The trial court denied Petitioner's motion (Dkt. # 19-6), and leave to appeal was denied by the Michigan Court of Appeals and the Michigan Supreme Court. (Dkt. ## 19-3, 19-4.)

Petitioner's instant application for habeas relief, in which he seeks habeas relief on the following grounds:

> I. Petitioner's convictions for felonious assault should be vacated because convictions of both assault with intent to murder and felonious assault violated the principles of double jeopardy where there was one continuous action.
>
> II. Petitioner is entitled to dismissal of the convictions related to complainant Hope Wilkins because he was denied his right of confrontation, where she purposely avoided appearance at trial.
>
> III. Petitioner was denied his rights to due process and a fair trial of the U.S. Constitution Amendment XIV; Mich Const 1963 Art 1 § 17 as a result of the prosecutor's misconduct where he allowed the introduction of perjured testimony.
>
> IV. The district court judge abused its discretion at preliminary examination in denying defense motion to adjourn when appointed counsel was not present and substitute counsel was unprepared to proceed and requested an adjournment.
>
> V. Petitioner was denied the effective assistance of trial counsel and fair trial by his attorney's failure to present his alibi witnesses; and failed to call the correct witnesses and investigate.
>
> VI. Appellate counsel rendered ineffective assistance that fell below an objective standard of reasonableness in violation of the Petitioner's Sixth Amendment right of the United States Constitution.

## II.  STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, provides the standard of review for federal habeas cases brought by state prisoners.  The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). An unreasonable application occurs when "a state-court decision unreasonably applies the law of [the Supreme] Court to the facts of a prisoner's case." *Williams*, 529 U.S. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

### III. DISCUSSION

### A. Double Jeopardy

Petitioner contends that his right to be free from double jeopardy was violated when the trial court sentenced him for the crimes of assault with intent to murder and felonious assault where there was one continuous action.

Under Michigan law, the elements of assault with intent to commit murder are: "(1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the

4

killing murder." *Warren v. Smith,* 161 F. 3d 358, 361 (6th Cir. 1998) (citation omitted). The intent to kill element does not equate with murder. *Id.* Under Michigan Law, the elements of felonious assault or assault with a dangerous weapon are: "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *Gardner v. Kapture,* 261 F. Supp. 2d 793, 804 (E.D. Mich. 2003) (citing *People v. Lawton,* 492 N.W.2d 810, 815 (Mich.Ct. App. 1992)).

The Double Jeopardy Clause serves "the function of preventing both successive punishments and successive prosecutions." *United States v. Ursery,* 518 U.S. 267, 273 (1996) (internal quotation marks and citations omitted). The protection against multiple punishments prohibits the government from "punishing twice or attempting a second time to punish criminally for the same offense." *Witte v. United States*, 515 U.S. 389, 396 (1995) (emphasis omitted) (quoting *Helvering v. Mitchell*, 303 U.S. 391, 399 (1938)). Although the Double Jeopardy Clause protects a defendant against cumulative punishments for convictions on the same offense, the clause does not prohibit the state from prosecuting a defendant for such multiple offenses in a single prosecution. *See Ohio v. Johnson,* 467 U.S. 493, 500 (1984). Moreover, whether punishments are multiple, so as to violate the Double Jeopardy Clause, is essentially a question of legislative intent. *Id.* at 499.

When multiple convictions are secured at a single trial, the test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment is that set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). *See Brown v. Ohio*, 432 U.S. 161, 166 (1977). As the Supreme Court

explained in *Blockburger*, "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not . . . ." *Blockburger*, 284 U.S. at 304. "This test emphasizes the elements of the two crimes. 'If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes . . . .'" *Brown*, 432 U.S. at 166 (*quoting Iannelli v. United States*, 420 U.S. 770, 785 n. 17 (1975)).

"The [Supreme] Court observed that the test established in *Blockburger* focuses on the statutory elements of the two crimes with which a defendant has been charged, not on the proof that is offered or relied upon to secure a conviction. . . . If each [offense] requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *United States v. Barrett*, 933 F. 2d 355, 360-61 (6th Cir. 1991) (internal citations and quotes omitted). The Double Jeopardy Clause is not violated merely because the same evidence is used to establish more than one statutory violation. *See United States v. Dixon*, 509 U.S. 688, 696 (1993). In deciding a habeas petitioner's double jeopardy claim, a federal habeas court is bound by a state court's determination that the legislature intended state statutes to permit a defendant who is convicted of multiple offenses to be punished for both offenses. *See Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989) ("Under the double jeopardy clause, when evaluating whether a state legislature intended to prescribe cumulative punishments for a single criminal incident, a federal court is bound by a state court's determination of the

legislature's intent." (citations omitted)); *Palmer v. Haviland,* 273 F. App'x. 480, 486-87 (6th Cir. 2008) ("We cannot independently apply typical rules of statutory construction, including the *Blockburger* test, to a state statute and conclude that the state courts were wrong in their reading of legislative intent.").

The Michigan Court of Appeals has held that assault with intent to commit murder and felonious assault are separate crimes for the purpose of double jeopardy. The Court of Appeals explained:

> [A]n actual intent to kill is an element of assault with intent to commit murder, but is not required to prove felonious assault. Conversely, felonious assault requires proof that the defendant committed an assault using a dangerous weapon, an element not required to prove assault with intent to commit murder. Because each offense contains an element that the other does not, defendant's multiple punishments do not violate his double jeopardy protections, even if the acts that led to the two assault convictions occurred during a single temporal transaction.

*People v. Rivers*, No. 290885, 2010 WL 2384932, at *3 (Mich. Ct. Appeals June 15, 2010); *cf People v. Strawther*, 739 N.W.2d 82, 82 (Mich. 2007) ("The Court of Appeals erred in concluding that the defendant's convictions for both assault with intent to commit great bodily harm (MCL 750.84) and felonious assault (MCL 750.82) violated his double jeopardy protections. Because the crimes have different elements, the defendant may be punished for each.").

Furthermore, the Court of Appeals found that Petitioner's felonious assault and assault with intent to commit murder convictions arose from separate assaults. The Michigan Court of Appeals rejected Petitioner's double jeopardy challenge, on the following grounds:

> Here, there was one count of assault with intent to murder in connection with each victim, but both counts of felonious assault concerned only one victim.

> The evidence concerning that victim was that defendant repeatedly struck her with the butt of a handgun, then later with the butt of an AK-47, then placed the latter in her mouth and the former in her genital area. The trial court instructed the jury that one count of felonious assault stemmed from the alleged assault with a handgun, and the other from the alleged assault with the rifle, thus indicating that these were to be considered as separate assaults. Clearly, the assault with intent to murder took place when defendant later ignited the gasoline he had poured on the victim.
>
> Defendant contends, incorrectly, that these assaults all occurred as a single course of conduct that culminated in the ignition of the gasoline on the victim. The assault with the handgun was complete before the assault with the rifle began, and both of those assaults were complete before defendant attempted murder by setting the gasoline-soaked victim on fire. Because each assault was complete apart from the others, separate convictions and sentences for each constituted no violation of defendant's rights against double jeopardy.

*Stokes*, 2007 WL 2609483, at *1-2.

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Petitioner has not demonstrated through clear and convincing evidence that these findings are incorrect.

In light of the fact that Michigan courts have determined that felonious assault and assault with intent to commit murder are separate offense, as well as the fact that the Michigan Court of Appeals found that Petitioner's convictions arose from separate assaults, the court finds that Petitioner's double jeopardy claim lacks merit.

### B. The Confrontation Clause

Petitioner next contends that he was denied his right to confrontation when one of the victims, Hope Wilkins, failed to testify at trial and when the trial court substituted her preliminary examination testimony in place of live testimony at trial. When

8

prosecutors seek to admit a nontestifying witness' preliminary hearing testimony, the Confrontation Clause requires two things: first, the prosecution must establish that the declarant is "unavailable" by showing that prosecutorial authorities have made a good-faith effort to obtain the declarant's presence at trial, and, second, to satisfy the "indicia of reliability" requirement, the prosecution must demonstrate that the defendant had an adequate opportunity to cross-examine the declarant at the preliminary examination. *See Desai v. Booker*, 538 F.3d 424, 427 (6th Cir. 2008).

As the Michigan Court of Appeals indicated in rejecting Petitioner's claim, *see Stokes,* 2007 WL 2609483, at *2, the record establishes that the witness was listed and endorsed for trial, but failed to appear. The Michigan Court of Appeals further found that neither Petitioner nor his counsel requested that the prosecutor produce or locate the witness. *Id.* The record reflects that the government made diligent good-faith efforts to secure victim's presence at Petitioner's trial. The police investigated the victim's last known address, which was a safe house, where she lived at the time of the preliminary examination, and another officer made many efforts to find Wilkins. (Dkt. # 7-6, Pg. ID 382.) The court concludes that the prosecution and law enforcement made a good faith effort to locate Wilkins and present her at trial.

In addition, Wilkins' former preliminary examination testimony bore adequate indicia of reliability because it was made under oath, Petitioner and his counsel were present, and the witness was subject to cross-examination. (Dkt. # 7-3, 181-93.) *See California v. Green*, 399 U.S. 149, 165-66 (1970). Even if counsel did not take full advantage of the opportunity to cross-examine Wilkins at the preliminary examination, he had an unlimited opportunity to do so. *See Glenn v. Dallman,* 635 F. 2d 1183, 1187 (6th

9

Cir. 1980). Accordingly, the admission of the preliminary examination testimony at Petitioner's trial did not violate his right to confrontation. Petitioner's Confrontation Clause claim is without merit.

### C. The Defaulted Claims

Respondent contends that Petitioner's third, fourth, and fifth claims are procedurally defaulted because Petitioner raised these claims for the first time in his post-conviction motion, and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by Mich. Ct. R. 6.508(D)(3). Petitioner appealed his convictions to the Michigan Court of Appeals on the grounds that his double jeopardy and confrontational rights were violated, but he did not raise his remaining claims on direct review. *Stokes*, 2007 WL 2609483, at *1. Petitioner first asserted these claims in his motion for relief from judgment, which was filed on November 24, 2009. (Dkt. # 19-5, Pg. ID 1076.)

Mich. Ct. R. 6.508(D) provides:

> The court may not grant relief to the defendant if the motion [for relief from judgment] . . . (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence . . . unless the defendant demonstrates (a) good cause for failure to raise such grounds on appeal . . . , and (b) actual prejudice from the alleged irregularities that support the claim for relief . . . .

For purposes of a conviction following a trial, "actual prejudice" means that,"but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." Mich. Ct. R. 6.508(D)(3)(b)(i).

The trial court denied Petitioner's motion on the ground, *inter alia*, that Petitioner failed to show actual prejudice as required by Mich. Ct. R. 6.508(D)(3)(b). (Dkt. # 19-6,

Pg. ID 1110.)  The Michigan Court of Appeals and Michigan Supreme Court denied Petitioner's application for leave to appeal because Petitioner failed to establish entitlement to relief under Mich. Ct. R. 6.508(D).  (Dkt. # 19-3, Pg. ID 1004; Dkt. # 19-4, Pg. ID 1045.)

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).  If Petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986).  However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  To be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial.  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

The Supreme Court has noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment

rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply the presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Court of Appeals and the Michigan Supreme Court rejected Petitioner's post-conviction appeal on the ground that Petitioner failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). (Dkt. # 19-3, Pg. ID 1004; Dkt. # 19-4, Pg. ID 1045.) These orders did not refer to subsection (D)(3) nor did they mention Petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the court must look to the trial court's opinion. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010).

The trial court's opinion held:

> [I]n order to avoid the bar against granting post judgment relief, a criminal defendant must establish, in part, actual prejudice. [Mich. Ct. R. 6.508(D)(3)(b) . . . . [T]he Court finds that defendant has failed to show actual prejudice and therefore, has not met his burden of demonstrating entitlement to the requested relief. Defendant's motion for relief from judgment is accordingly denied.

(Dkt. # 19-6, Pg. ID 1110.) The trial court judge denied Petitioner post-conviction relief based on the procedural grounds stated in Mich. Ct. R. 6.508(D)(3) and, therefore, found that Petitioner's post-conviction claims are procedurally defaulted. The fact that the trial

12

judge also discussed the merits of Petitioner's claims in addition to invoking the provisions of Mich. Ct. R. 6.508(D)(3) to reject Petitioner's claims does not alter this analysis. *See McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991) ("[A] federal court need not reach the merits of a habeas petition where the last state-court opinion clearly and expressly rested upon procedural default as an alternative ground."); *Alvarez v. Straub,* 64 F. Supp. 2d 686, 695 (E.D. Mich. 1999) ("[T]he fact that the trial court briefly discussed the merits of the claim as an alternative basis for denying the motion does not alter th[e] conclusion [that the petitioner's claim was procedurally barred by Mich. Ct. R. 6.508(d)(3)]."). A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee*, 929 F. 2d at 267.

In Petitioner's sixth claim, he argues that his appellate counsel's failure to raise claims three, four, and five on appeal satisfy the "good cause" requirement Mich. Of Ct. R. 6.508(D)(3)(a) and, therefore, excuses his procedural default. (Dkt. # 17, Pg. ID 757.) Petitioner, however, has not shown that appellate counsel was ineffective.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983).

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy . . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754. Moreover, "[a] brief that raises every colorable issue runs the risk of burying good arguments . . . in a verbal mound made up of strong and weak contentions." *Id.* 753.

Notwithstanding *Barnes*, it is possible to raise a claim of attorney error "based on [appellate] counsel's failure to raise a particular claim [on appeal], but it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins,* 528 U.S. 259, 288 (2000). Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the claims that he raised for the first time in his post-conviction motion for relief from judgment. Appellate counsel filed an appellate brief which raised the first two claims that Petitioner has presented in his petition. Petitioner has not shown that appellate counsel's strategy in presenting these two claims and not raising other claims was deficient or unreasonable. For the reasons stated by the Wayne County Circuit Court judge in rejecting petitioner's post-conviction claims (Dkt. # 19-6, Pg. ID 1108-10), none of the claims raised by Petitioner in his post-conviction motion were "clearly stronger" than those raised on direct appeal.

14

Accordingly, Petitioner has failed to establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano,* 228 F. 3d 674, 682-83 (6th Cir. 2000) (holding that "while a different lawyer might have done otherwise, the decision of the petitioner's appellate counsel not to assert his Confrontation Clause claim was not unreasonable and [does not violate the petitioner's Sixth Amendment rights]" where the Confrontation Clause arguments was not a "dead bang winner"); *Murphy v. McGee*, No. 2:09-cv-10714, 2014 WL 3361846, at *11 (E.D. Mich. July 9, 2014) ("Because the defaulted claims are not "dead bang winners," petitioner has failed to establish cause for his procedural default of failing to raise his third claim on direct review.")  Because Petitioner failed to establish good cause, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533.

Moreover, for the reasons stated above and discussed in the trial court's opinion (Dkt. # 19-6, Pg. ID 1108-10), the court must reject any independent ineffective assistance of appellate counsel claim raised by Petitioner based on his appellate counsel's failure to raise claims three, four, and five on direct appeal as without merit. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010) (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

Furthermore, Petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this court to consider these claims as a ground for a writ of habeas corpus in spite of the procedural default. The Supreme Court has held that, "if a habeas petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied

that the trial was free of nonharmless constitutional error, the petitioner should be allowed to . . . argue the merits of his underlying claims.'" *Reeves v. Fortner*, 490 F. App'x 766, 769 (6th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). "In order to establish actual innocence, the petitioner 'must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Id.* (quoting *Schulp*, 513 U.S. at 327). "The Supreme Court has cautioned that the actual innocence exception should 'remain rare' and 'only be applied in the extraordinary case.'" *Id.* (quoting *Schulp*, 513 U.S. at 327).

While Petitioner claims to have an alibi for the time of the crime, the only affidavit that he has presented in support of this claim is from his cousin Edward Stokes. (Dkt. # 20, Pg. ID 1129-31.) Edward Stokes claimed that he was with Petitioner during the morning of the assaults, but admitted that he fell asleep at some point and was awake for only 80% of the morning. (*Id.* at 1130.) Even if Edward Stoke's affidavit were blindly accepted, it leaves open a window of opportunity for Petitioner to have committed this murder when Edward Stokes was sleeping, thereby making Petitioner's purported alibi witness insufficiently reliable to establish Petitioner's actual innocence. Because Petitioner has not presented any new reliable evidence that establishes his actual innocence, a miscarriage of justice will not occur if the court declines to review the procedurally defaulted claims on the merits. *See Welch v. Burke*, 49 F. Supp. 2d 992, 1007 (E.D. Mich. 1999).

Even if Petitioner had established cause for his default, he would still be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief. The cause and prejudice exception is conjunctive,

requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F. 3d 883, 891 (6th Cir. 2007). For the reasons stated by the trial court, Petitioner has failed to show that his post-conviction claims have merit. (Dkt. # 19-6, Pg. ID 1108-10.) The reasons justifying the denial of the claims that Petitioner raised for the first time in his post-conviction motion were articulated by the state trial court, and, therefore, a full written opinion by this court regarding these claims "would be duplicative and serve no useful, jurisprudential purpose." *Bason v. Yukins,* 328 F. App'x 323, 324 (6th Cir. 2009). Petitioner is not entitled to habeas relief on his remaining claims.

### D. A Certificate of Appealability.

Before petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. at 327. In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merits of the claim. *Id.* at 336–37.

Having considered the matter, the court concludes that petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, the Court will deny petitioner a certificate of appealability.

### IV.  CONCLUSION

IT IS ORDERED that the petition for writ of habeas corpus (Dkt. # 17) is DENIED.

IT IS FURTHER ORDERED a certificate of appealability is DENIED.

      s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 27, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 27, 2014, by electronic and/or ordinary mail.

      s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522